UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

In re:

| | | |
|---|---|---|
| THOMAS W. OLICK and | : | Case No. 96-22123T |
| KATHRYN A. OLICK, | | |
| *Debtor(s)* | : | |
| -------------------------------------------------------- | : | |
| THOMAS W. OLICK | : | |
| *Plaintiff(s)* | | |
| | : | |
| *v.* | | Adv. No. 05-2079 |
| | : | |
| KEYSTONE NAZARETH BANK | | |
| & TRUST CO. *a/k/a* | : | |
| NAZARETH NATIONAL BANK | | |
| & TRUST CO. | : | |
| SN SERVICING CORP., | | |
| *Defendant(s)* | : | |
| | : | |

# **ORDER**

AND NOW, this 13th day of September, 2005, it is ORDERED that Defendants' motion to dismiss this adversary complaint is GRANTED as the Court finds that we lack jurisdiction over this proceeding since the outcome of this proceeding can have no impact on the bankruptcy estate since Debtors' chapter 13 plan has been confirmed and has been fully funded and this bankruptcy case has been fully administered and would be ready to be closed but for the fact that an appeal is presently pending before the United States Court of Appeals for the Third Circuit concerning a narrow issue involving the fee application and proof of claim filed by Debtors' former counsel, the outcome of which will have no impact on this adversary proceeding, see Pacor, Inc. v.

Higgins, 743 F.2d 984, 994 (3rd Cir. 1984); see also Berckeley Inv. Grp. Ltd. v. Colkitt, 259 F.3d 135, 139 n.2 (3rd Cir. 2001)(court has the power and responsibility to analyze and determine its jurisdiction over a matter sua sponte); Venen v. Sweet, 758 F.2d 117, 123 (3rd Cir. 1985).

IT IS FURTHER ORDERED that even if we were deemed to have jurisdiction over this proceeding, we nonetheless would grant Defendants' motion to dismiss since: *(1)* the complaint filed by Debtor/Plaintiff, Thomas W. Olick ("Plaintiff") fails to state a cause of action under RICO, see 18 U.S.C. §1961(1), since it fails to allege any action or conduct on the part of Defendants which would constitute "racketeering activity," Beck v. Prupis, 529 U.S. 494 (2000); Anderson v. Ayling, 396 F.3d 265 (3rd Cir. 2005); Lum v. Bank of America, 361 F.3d 217 (3rd Cir 2004);[1] and *(2)* Plaintiff's complaint fails to state a claim upon which relief can be granted to the extent that it seeks a determination that the mortgage lien held by Defendant was discharged since: *(1)* a discharge order has not yet been entered in this case, see 11 U.S.C. §1328(a); and *(2)* even if a discharge order had been entered, such a discharge order would have no impact on the existence of Defendant's mortgage lien since a lien generally survives a bankruptcy discharge and "a debtor may not cramdown and avoid a secured creditor's lien through the plan confirmation process without first taking an 'affirmative step' such as filing an adversary complaint to avoid the lien or filing an objection to the secured creditor's proof of claim, which, if the objection seeks a determination of the validity, priority or extent of the creditor's lien, will become an adversary proceeding." In re

---

1. The purpose of the RICO statute is to prevent organized crime from influencing legitimate businesses and activities. The types of crimes and business enterprises which organized crime has traditionally infiltrated are specifically enumerated in 18 U.S.C. § 1961(1). Not one of these activities is alleged in Plaintiff's complaint or is applicable to the allegations contained in the complaint. Quite simply, Plaintiff does not have a valid basis to claim liability under the RICO statute. Moreover, a claim may not be brought under RICO for an act that is not an act of racketeering or otherwise unlawful under RICO, Anderson v. Ayling, 396 F.3d 265 (3rd Cir. 2005), and, for all of these reasons, it would be futile to grant Plaintiff leave to amend his complaint. Lum v. Bank of America, 361 F.3d 217 (3rd Cir. 2004).

Kressler, 252 B.R. 632, 635 (Bankr. E.D. Pa. 2000), aff'd., Civ. Action No. 00-5286, 2001 WL 919860 (E.D. Pa. August 9, 2001); aff'd.,  40 Fed. Appx. 712 (3rd Cir. 2002); see also In re Geiger, 260 B.R. 83, 85 (Bankr. E.D. Pa. 2001); aff'd. in part, rev'd in part on other grounds, Civ. Action No. 01-2060, 2001 WL 34633702 (E.D. Pa. July 9, 2001), aff'd, 55 Fed. Appx. 82 (3rd Cir. 2003).

Reading, PA

                                              THOMAS M. TWARDOWSKI
                                              United States Bankruptcy Judge